UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
AUG 28 2008
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 00-30001 |
| Plaintiff, | |
| -vs- | ORDER |
| WILLARD FOOL BULL, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of three counts of aggravated sexual abuse of JNMAS and was sentenced to concurrent terms of 328 months custody on July 30, 2001. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed on January 30, 2002.

In April 2008, defendant sent a letter to the Court contending that Beverly Never Misses A Shot, one of the government's Rule 413[1] witnesses, falsely testified that the defendant's sexual abuse of her resulted in the birth of a child in 1988. He attached a copy of the child's birth certificate listing some other man as the child's father. Defendant's sentence was enhanced two levels for obstruction of justice based, in part, upon his trial testimony denying that he had ever sexually abused Beverly Misses A Shot and denying that he had fathered her child. I asked the United States Attorney to investigate the claimed perjury by the witness. I did not receive a written response but the U.S. Attorney's Office has now informed one of my law clerks that it is the position of that office that (1) the trial took place more than five years ago, (2) the statue of limitations has expired, barring any action against Beverly Never Misses A Shot, and (3) they will take no further action unless in response to a § 2255 proceeding.

---

[1] Fed. R. Evid. 413 sets forth that, in a criminal sexual abuse case, evidence of the commission of another offense of sexual assault is admissible. The defendant need not have ever been charged or convicted of the alleged offense in order for evidence of the alleged crime to be admissible.

In May 2008, defendant sent another letter contending that Beverly Never Misses A Shot had falsely testified that the defendant sexually abused her and referred to records showing that some other man had been convicted of sexually abusing her in the 1970's.

In August 2008, defendant sent a third letter wherein he contends that he is timely asserting a claim under 28 U.S.C. § 2255. He asks the Court to construe his first letter as a motion under § 2255. The request for relief may be reclassified as a § 2255 motion only after notice to the defendant of the consequences of the reclassification and allowing him an opportunity to withdraw his pleading. United States v. Morales, 304 F.3d 764, 765 (8th Cir. 2002). "When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion." United States v. Morales, 304 F.3d at 767.

Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

A successive § 2255 motion requires certification by the United States Court of Appeals before filing. 28 U.S.C. §§ 2244(b)(3)(A), 2255.

If defendant wishes his letters to be construed as a motion to vacate, he must be careful that all claims for relief now existing are contained in his motion. Otherwise he may be barred by Rule 9(b) from ever raising the other claims.

On April 24, 1996, the United States Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132. That statute amended 28 U.S.C. § 2255 as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

2

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant claims he has timely raised his claims by bringing them within a year of the discovery of the facts supporting his claims. However, he must be sure that any other claims now existing which could be raised in a motion to vacate are raised within the period of limitations.

Petitioner must consider the foregoing hurdles and inform the court whether he consents to reclassification of his letter or whether he wishes to withdraw his request to construe his April 2008 letter as a motion to vacate.

Now therefore,

IT IS ORDERED that defendant shall notify the Court on or before September 30, 2008, whether he consents to reclassification of his April 2008, letter, Doc. 199, as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or whether he wishes to withdraw his request. Failure to so notify the Court will result in an order denying the relief sought.

Dated this 27th day of August, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST
JOSEPH HAAS, CLERK

BY Jeanette Morris
Deputy
(SEAL)

3